UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| HENRY L. SAFFORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 3:21-CV-36-TAV-HBG |
| ) | |
| KNOX COUNTY SHERIFF'S OFFICE, ) | |
| OFFICER WILLIAMS, ) | |
| AYCOCK, ) | |
| SGT. KIDD, ) | |
| CORP. HARVEY, ) | |
| CORP. MCCOY, ) | |
| CORP. RUTHERFORD, ) | |
| LT. SMITH, ) | |
| SPARKS, ) | |
| CHIEF PERVIS, ) | |
| CORP. MONEYMAKER, ) | |
| CORP. JONES, ) | |
| LT. MILLER, ) | |
| J. SMITH, ) | |
| J. HORN, and ) | |
| LT. OLDHAM, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Plaintiff, a prisoner incarcerated in the Knox County Detention Center, has filed a pro se complaint for violation of 42 U.S.C. § 1983 [Doc. 1] and a motion for leave to proceed *in forma pauperis* [Doc. 4]. For the reasons set forth below, Plaintiff's motion for leave to proceed *in forma pauperis* [*Id.*] will be **GRANTED**, and this action will be **DISMISSED** because the complaint fails to state a claim upon which relief may be granted under § 1983 as to any Defendant.

## I. FILING FEE

As it appears from Plaintiff's motion for leave to proceed *in forma pauperis* [*Id.*] that he is unable to pay the filing fee, this motion will be **GRANTED**.

Because Plaintiff is a Knox County prisoner, he will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Main Street, Knoxville, Tennessee 37902 twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this procedure, the Clerk will be **DIRECTED** to provide a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. COMPLAINT SCREENING

### A. Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See,*

*e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard that the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim are insufficient to state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausibly claim. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

### B.  Complaint Allegations

On or about January 21-24, 2020, Defendant Williams broke Plaintiff's right hand in Pod 6A, and unspecified jail officials waited until February 7-9 to provide Plaintiff with medical attention for this injury [Doc. 1 p. 2]. Also, on unspecified dates, Defendants Smith and Oldham "slammed" Plaintiff onto the ground on the chest and right side of his

3

face, and Defendant Smith wrote Plaintiff up for threats that Plaintiff never made after making racist comments [*Id.*]. Unnamed officers have also "punched" Plaintiff and treated him worse than an animal, which has caused him to suffer [*Id.*].

Plaintiff is "exposed to [COVID-19] and some [] officers don't wear the[ir] masks" [*Id.* at 3].

Defendants Kidd and Harvey told Plaintiff that he was "just" in the jail for rape and selling drugs [*Id.*].

Unnamed persons are violating Plaintiff's rights under the First, Sixth, and Eighth Amendments and breaking laws [*Id.*]. Plaintiff fears speaking to a supervisor, and some say the food at the jail is "not fit for human consumption" [*Id.*].

Unnamed individuals have denied Plaintiff his lawyer calls and twisted Plaintiff's shoulder to the point that it felt like it was going to break [*Id.*]. Plaintiff's left wrist bled from handcuffs that were too tight, and his right leg and ankle twisted to the point of feeling like they would break [*Id.*]. Plaintiff also has had problems with his chest and heart since he was tazed [*Id.*].

The jail "shower[]s hardly get cleaned in ID and the [jail] food [] is cold and it's not en[ough]" [*Id.* at 4]. Also, some of the showers have mold, and Plaintiff's mats have mold [*Id.*]. Jail officials never let prisoners speak to a supervisor, and the jail's disciplinary and grievance boards are rigged [*Id.*]. Plaintiff has been beaten and called names, and unnamed jail officials move prisoners back and forth to cover up their injustices [*Id.*].

4

Plaintiff has sued a number of jail officials and seeks damages, for his charges to be dropped, a clean record, protection from revenge from Knox County, and to have officers fired and serve jail time [*Id.* at 1–2, 5].

**C.  Analysis**

The Court will address Plaintiff's allegations against named Defendants before addressing Plaintiff's general allegations and named Defendants that Plaintiff does not reference in the substantive portion of his complaint.

**1.  Defendants Williams, Smith, and Oldham**

As noted above, Plaintiff alleges that Defendant Williams broke his wrist, and that Defendants Smith and Oldham "slammed" him onto the ground on his chest and the right side of his face [*Id.* at 2].  For purposes of screening of Plaintiff's complaint, the Court assumes that Plaintiff was a pretrial detainee at the time of these incidents.  Accordingly, these allegations of excessive force fall under the due process clause of the Fourteenth Amendment, and the relevant inquiry is whether "the force purposely or knowingly used [] was objectively unreasonable *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473, 2475 (2015).  A court should consider the following non-exclusive list of considerations that "may bear on the reasonableness or unreasonableness of the force used" against pretrial detainees:

> the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

5

*Id.* However, "the use of excessive force that amounts to punishment" against pretrial detainees is unconstitutional. *Id.* (quoting *Graham*, 490 U.S. at 395 n.10).

In his complaint, Plaintiff has not provided any facts about the circumstances surrounding Defendant Williams's act of breaking his wrist or Defendants Smith and Oldham's act of "slamming" him. Rather, Plaintiff states only that these acts occurred. As such, the Court cannot plausibly infer that these Defendants used more force than that which was necessary to address any threat, security problem, and/or resistance from Plaintiff (or other inmates near Plaintiff), such that their acts may amount to punishment under the *Kingsley* standard. Instead, Plaintiff's allegations regarding these Defendants' uses of force amount to "unadorned, the-defendant-unlawfully-harmed-me accusation[s]," which are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681; *Scheid v. Fanny Farmer Candy*, 859 F.2d 434, 437 (6th Cir. 1988) (noting that "when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist") (quoting *OBrien v. DiGrazia*, 544 F.2d 543, 546 n.3 (1st Cir. 1976)). As such, Plaintiff has failed to "nudge[] [his excessive force claims] across the line from conceivable to plausible" as to Defendants Williams, Smith, and Oldham, *Twombly*, 550 U.S. at 570, and the complaint fails to state a claim upon which relief may be granted under § 1983 as to them.

### 2. Defendant Smith

Plaintiff also alleges that Defendant Smith made racist comments toward him and wrote him up for threats that he never made. However, Defendant Smith's alleged racist

comments, while deplorable, do not rise to the level of a constitutional violation. *Jones Bey v. Johnson*, 248 F. App'x 675, 677 (6th Cir. 2007) (finding that the occasional use of racial slurs, "although unprofessional and reprehensible, does not rise to the level of constitutional magnitude") (quoting *Corsetti v. Tessmer,* 41 F. App'x 753, 755–56 (6th Cir. 2002)). Further, as to Plaintiff's allegation that this Defendant wrote him up for threats that he did not make, "erroneous or even fabricated allegations of misconduct by an inmate, standing alone, do not constitute the deprivation of a constitutional right." *McDougald v. Eaches*, No. 1:16-CV-900, 2016 WL 7015834, at *3 (S.D. Ohio Sept. 16, 2016) (citations omitted). Plaintiff provides no facts about his false write up by Defendant Smith from which the Court can plausibly infer that it caused any violation of Plaintiff's constitutional rights. Thus, the complaint also fails to state a claim upon which relief may be granted under § 1983 as to Defendant Smith.

### 3. Defendants Kidd and Harvey

Plaintiff alleges only that Defendants Kidd and Harvey told him that he was "just" in the jail for rape and selling drugs [*Id.*]. However, even if the Court liberally construes this to allege that these Defendants have harassed Plaintiff about his current or past charges, this allegation fails to state a claim upon which relief may be granted under § 1983. *Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (providing that harassment and verbal abuse do not constitute the type of infliction of pain that the Eighth Amendment prohibits).

7

### 4. Defendant Knox County Sheriff's Office

Plaintiff has also sued the Knox County Sheriff's Office [Doc. 1 p. 2]. However, this is not an entity subject to suit under § 1983. *Mathes v. Metro. Gov't of Nashville & Davidson Cty.*, No. 3:10-CV-0496, 2010 WL 3341889, at *1–2 (collecting cases holding that police and sheriff's departments are not entities subject to suit under § 1983) (M.D. Tenn. Aug. 25, 2010); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (a police department is not an entity which can be sued under § 1983). Further, even if the Court could liberally construe Plaintiff's complaint as against Knox County rather than the Sheriff's Office, Plaintiff has failed to set forth any facts from which the Court can liberally construe that this municipality may be liable for a violation of his constitutional rights under § 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (holding that a municipality may be liable under § 1983 for an alleged constitutional deprivation only if there is a direct causal link between a policy or custom of the entity and the alleged constitutional violation).

Plaintiff makes no reference to any custom or policy of Knox County causing any of the incidents in his complaint. Moreover, even if the Court could liberally construe some of the general allegations in Plaintiff's complaint regarding the jail's food and disciplinary and grievance boards to implicate Knox County custom or policy, those allegations fail to state a claim upon which relief may be granted under § 1983. Specifically, Plaintiff's allegations that some people say the jail food is not fit for consumption is conclusory and does not allow the Court to plausibly infer a violation of

8

Plaintiff's constitutional rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) (holding that formulaic and conclusory recitations of the elements of a claim are insufficient to state a plausible claim for relief). Plaintiff's statements that the jail food is cold and he does not receive enough jail food likewise fail to allege a violation of his constitutional rights, as he does not set forth any facts from which the Court can plausibly infer that the jail food is not sufficient to sustain his health. *See Richmond v. Settles*, 450 F. App'x 448, 456 (6th Cir. 2011) (providing that where a prisoner's diet is sufficient to sustain the prisoner's good health, no constitutional right has been violated); *Hill v. Maglinger*, No. 4:18-CV-P171-JHM, 2019 WL 208888, at *4 (W.D. Ky. Jan. 15, 2019) (holding that "a prisoner's claim that he was served cold meals does not rise to the level of a constitutional deprivation" and collecting cases supporting this premise).

Further, Plaintiff's allegations that the jail disciplinary board and grievance board are "rigged" are conclusory and fail to allow the Court to plausibly infer any violation of his constitutional rights. *Iqbal*, 556 at 681; *Argue v. Hofmeyer,* 80 F. App'x 427, 430 (6th Cir. 2003) (holding that a prisoner has "no inherent constitutional right to an effective prison grievance procedure").

The Court cannot liberally construe any other allegations of the complaint as implicating any Knox County custom or policy. Thus, the complaint fails to state a claim upon which relief may be granted under § 1983 against Knox County Sheriff's Office and Knox County.

### 5. Remaining Allegations and Defendants

As noted above, Plaintiff has named a number of other jail officials as Defendants and sets forth general allegations against unnamed individuals in his complaint. However, as none of these allegations allow the Court to plausibly infer that any named Defendant was personally involved in any alleged violation of Plaintiff's constitutional rights, they fail to state a claim upon which relief may be granted under § 1983. *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted under § 1983); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (providing that § 1983 liability cannot be premised upon a theory of respondeat superior).

## III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 4] will be **GRANTED**;

2. Plaintiff will be **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk will be **DIRECTED** to provide a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy;

5. Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983;

10

6. Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); and

7. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**ENTER**:

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE